IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50152
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JIMMY MAC HAGGARD,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-94-CR-9-2
- - - - - - - - - -
August 22, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Jimmy Mac Haggard argues that the district court improperly applied the sentencing guidelines by holding him accountable for participants who were not foreseeable to him at the inception of the conspiracy.  Haggard is very specific in arguing that his appeal does not involve a dispute with the district court's factual findings, but is limited to whether "the district court

_____

[*]      Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

misapplied the leadership role adjustment of Sentencing Guidelines § 3B1.1(a) and the foreseeability limitation of Sentencing Guidelines § 1B1.3(a)."  This court conducts a de novo review of the sentencing court's application of the guidelines. United States v. Gross, 26 F.3d 552, 554 (5th Cir. 1994).

Haggard's argument is that § 1B1.3(a) provides that the offense level must be determined based on the conduct relevant to the offense and that for jointly undertaken criminal activity only those acts that are reasonably foreseeable are relevant. Although this is a correct reading of § 1B1.3(a)(1), it does not go far enough.  Section 1B1.3(a)(1) provides that all acts of the defendant and all reasonably foreseeable acts taken in furtherance of jointly undertaken criminal activity "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility of that offense" are to be included in relevant conduct.  Although the participation of the other parties was not foreseeable at the inception of the conspiracy to escape, they participated in the escape and Haggard knew they of their participation.  Haggard has not argued otherwise.  The district court did not err in holding Haggard responsible for a leadership role in the offense.

AFFIRMED.